UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC E. CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16CV787 RLW |
| | ) |
| ST. LOUIS CITY COURT 22ND CIRCUIT | ) |
| JUVENILE DIVISION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On August 11, 2017, Plaintiff filed his Motion to Dismiss Without Prejudice (ECF No. 25). Plaintiff seeks to dismiss his case without prejudice because he "can no longer afford the expense of the lawsuit and at this time is currently still employed." In response, Defendant filed a Memorandum in Opposition to Voluntary Dismissal (ECF No. 26). Defendant notes that the parties engaged in Court-ordered mediation on May 15, 2017 and that Defendant filed its Motion for Summary Judgment (ECF No. 20) on July 28, 2017. Defendant argues that Plaintiff has not provided an explanation for "his last minute motion to dismiss after summary judgment has been filed." (ECF No. 26, ¶7).

"Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). But "the discretion vested in the court is a judicial and not an arbitrary one ...." *International Shoe Co. v. Cool,* 154 F.2d 778, 780 (8th Cir.) *cert. denied,* 329 U.S. 726, 67 S.Ct. 76, 91 L.Ed. 678 (1946). "To consider whether a motion to dismiss is improper, the district court must address the plaintiff's purported reason for the voluntary motion to dismiss." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 514 (8th Cir. 2017) (citing *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)).

1

Contrary to Defendant's claim, the Court holds that Plaintiff provided a reasonable basis for requesting voluntary dismissal of his action without prejudice. Plaintiff indicated that he lacks resources to continue litigating this case and he prefers to focus on preserving his current employment. The Court holds that these are justifiable reasons for filing a motion to dismiss at this stage of the litigation. Clearly, Plaintiff is facing the expenditure of significant funds to respond to Defendant's Motion to Dismiss. The Court finds that Plaintiff has made a rational and prudent decision to dismiss his action rather than incurring more financial burden, particularly when he must consider this litigation's effect on his current employment. Therefore, the Court grants Plaintiff's Motion to Dismiss without prejudice.

However, the Court recognizes that Defendant would be prejudiced if Plaintiff refiled his litigation, particularly after Defendant expended time and resources to file its Motion for Summary Judgment. "[P]ayment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a)." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984); *Blaes v. Johnson & Johnson*, 858 F.3d 508, 516 (8th Cir. 2017). "The time and effort invested by the parties, and the stage to which the case had progressed" are the most important factors to consider when the court decides whether to grant a dismissal with conditions. *Id.* Therefore, the Court orders that, if Plaintiff refiles this action, then he must pay Defendant's costs previously incurred. *See Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 979 (8th Cir. 1995) (citing *Kern,* 738 F.2d at 972 ("In fact, this Court has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendant's previously-incurred costs if Plaintiff refiles this action.

**IT IS FINALLY ORDERED** that Plaintiff's Request for Stay on Deadline to File Opposition Brief (ECF No. 27) is **DENIED** as moot.

Dated this 5th day of September, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE